## ELECTRICAL RESEARCH PRODUCTS, Inc., v. HANIOTIS BROS. et al.

No. 23339.   Dec. 18, 1934.

Nowlin, Spielman & Thomas and Steele & Boatman, for plaintiff in error.

John L. Maynard, for defendants in error.

McNEILL, J. This is a replevin action for the possession of a certain equipment for the electrical reproduction of sound used in connection with the exhibition of motion pictures in a theater at Okmulgee and for damages for wrongful detention thereof.

This is a companion case to No. 23338, 170 Okla. 144, 39 P. (2d) 36. The same contract is involved. The parties are the same and occupy the same relative positions as suitors in the trial below. In that action plaintiff sought to recover from defendants certain scheduled payments which were due under its contract covering the equipment in question. By stipulation of the parties, the same evidence was offered in both cases, with the understanding that the trial court would consider such evidence as was competent in the respective cases. Both cases were tried to the court without the intervention of a jury. After the giving of a replevin bond, and a redelivery bond, the immediate property was surrendered to the plaintiff, and the case was tried on the question of damages. At the request of the defendants, the trial court made general findings of fact and conclusions of law. The trial court found that the plaintiff was entitled to possession of the property, and further found that plaintiff should recover damages for its wrongful detention.

We have discussed the general nature of the contract in the companion case. Suffice it to say, the defendants Haniotis Brothers, on July 3, 1929, entered into a contract for the installation of said sound-producing machinery for use in their theatre at Okmulgee. The contract provided for installation charges amounting to $3,250, and certain sums to be paid thereafter in weekly payments of $105.75, for 104 weeks; in addition thereto, weekly service inspection charges of $37.50, and, during the balance of the period of ten years, weekly payments amounting to the sum of $30 per week. Haniotis Brothers, subsequently, on December 24, 1929, sold the theater to the Okmulgee Theatre Company, and said Theatre Company agreed with Haniotis Brothers to assume said contract. The court in its finding of fact said:

"That at the time of the filing of said replevin action, the Okmulgee Theatre Company was in the actual and sole possession of the property, and using the same in said theatre; that the plaintiff was entitled to possession of the same, and should recover damages for its wrongful possession, the 10th day of February, 1930."

The court proceeded to allow plaintiff damages, but arrived at the amount of reasonable damages as the rental value as set forth in said contract in the sum of $27.44 per week, or the total sum of $152.88. The court, in determining this amount of $27.44 per week, took the installation charge of $3,250, and then computed the weekly payments of $105.95 for a total term of 104 weeks in the total sum of $11,018.80, and, adding these amounts, without regard to service charges, arrived at the sum of $14,-268.80, and then concluded that this represented a total consideration of $14,268.80. The court took this total amount, divided the same by 520, the number of weeks in ten years, and designated the result thereby obtained, $27.44, as weekly rental value. The court in its findings of fact in respect thereof said:

"That on the 3rd day of July, 1929, the plaintiff and defendant Haniotis Brothers entered into a contract for the installation of a certain sound-producing machine in the Yale Theatre, certain sums to be paid down, and certain sums to be paid weekly, for 104 weeks. At the end of ten years said machine was to be returned to plaintiff. Said contract, by its terms, is nonassignable without the permission of plaintiff.

"The court finds that in accordance with the terms of said contract, the defendants Haniotis Brothers paid to plaintiff a total of $5,157.10, the total amount to be paid by defendants, in down payments, and weekly payments, being $14,268.80, for the period of ten years, or an average weekly rental of $27.44."

The court thereupon rendered judgment in favor of plaintiff against the Okmulgee Theatre Company for the sum of $152.88, and the Okmulgee Theatre Company was awarded judgment against the plaintiff for $500, less the amount of plaintiff's judgment against it.

The real question presented by this appeal seems to be based upon the proper interpretation of the full rental value of the sound equipment after demand had been made for its possession, as constituting the measure of damages for the wrongful detention of the property. The trial court specifically found that plaintiff was entitled to possession after demand had been made, and also that the property had been wrongfully detained from the plaintiff.

The action in replevin is a possessory action. It is not disputed in this case that the plaintiff at all times owned the legal title to the sound equipment. The trial court properly held that the plaintiff was entitled to the possession of the equipment in question after demand had been made, and that the property had been wrongfully detained from the plaintiff.

The trial court found that the defendant Okmulgee Theatre Company had wrongfully detained the property for five weeks and four days. At the time the equipment was replevined, the defendant had contracted to pay $105.95 for each week that the equipment was used, and in addition thereto a weekly service and inspection charge of $37.50, making a total of $143.45 per week.

The payments under the contract for a period of five weeks and four days, as found by the trial court, then judgment should have been rendered for the amount of $799.21. That amount represented the usable value of said equipment under the terms of the contract during the period of deprivation of the property. It was error to compute the weekly rental on the basis of $27.44. We have discussed this question in above companion case.

The trial court allowed the defendant Okmulgee Theatre Company judgment for $500 against the plaintiff, based on an item of $500 for expenses incurred in a trip to New York at the invitation of the plaintiff's salesman to discuss with the officers of said company the possibility of obtaining a more advantageous contract than the one which plaintiff had entered into with Haniotis Brothers, and which the Okmulgee Theatre had assumed in writing with said Haniotis Brothers. This item was not set forth in defendant's answer. It was not within the issues raised by the pleadings. A judgment which is rendered outside the issues in the case is a nullity. Such judgment may be vacated and set aside on motion of a party or any person affected thereby. Rogers, County Treas., v. Bass & Harbour Co., 47 Okla. 786, 150 P. 706; Anglea v. McMaster, 17 Okla. 501. 87 P. 660; Standard Savings & Loan Ass'n v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451.

The judgment is reversed and cause is remanded, with directions to enter judgment against said defendants in the sum of $799.21, as damages for the wrongful detention of the equipment in question.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, and BAYLESS, JJ., concur. CULLISON, V. C. J., and BUSBY and WELCH, JJ., absent.