## OKLAHOMA CITY v. ROBINSON et al.

No. 26325. Jan. 19, 1937.

Rehearing Denied March 9, 1937.

Harlan Deupree, A. P. Van Meter, and Ralph J. May, for plaintiff in error.

Wilson & Wilson and Rittenhouse, Webster & Rittenhouse, for defendants in error.

PER CURIAM. In 1929 George Robinson and Louise, his wife, sued the city of Oklahoma City for property damages alleged to have resulted from the negligent discharge of chemicals and poisonous waste into the old bed of the North Canadian from the city's filtration plant. Three petitions were filed. The first sought $1,000 for diminished value of about one acre near said plant, and also $1,000 for alleged damage to vegetation, garden truck, and chickens. The second asked for $1,000 on account of diminution of value of the premises from $2,000 to $1,000. The third petition averred their right of enjoyment of their home had been injured and the value of vegetation and garden truck had been diminished, to their damage in the sum of $5,000 from January 4, 1927, until October 21, 1929, when the third petition was filed; that said damages were temporary and to the use of the land and the products thereof.

The city denied generally the allegations of the second amended petition, with special pleas not material here.

July 8, 1931, a judgment was rendered for plaintiffs for "permanent damages herein in the sum of $100, which amount includes all past, present and prospective injuries to the real property described in the petition herein, due to the construction and operation of the filtration plant aforesaid." The judgment recited the appearance of parties by counsel and that evidence was introduced. The city paid to the court clerk an installment of the judgment, and the portion so paid was taken down by the attorney who then represented the Robinsons, but he refunded it to the court clerk after his clients had expressed disapproval of the judgment and had refused to assign it to the city to facilitate payment thereof.

February 15, 1935, the Robinsons, after obtaining the counsel who now appear for them, attacked the validity of said judgment by filing a new suit. Their verified petition, in substance, alleged that they employed an attorney, before October, 1929, under oral contract, to sue said city for temporary damages to their premises "on account of injury to their crops" due to negligence above stated; that the second amended petition sought recovery of temporary damages; that said attorney, in July, 1931, "importuned these plaintiffs to accept a settlement and agreed judgment which he represented to be and had been obtained against the said city of Oklahoma City, the defendant herein, by agreement in the sum of $100, stating that said judgment would be for both temporary and permanent damages because of the city's alleged negligent operation of said filtration plant;" that plaintiffs refused to and specifically forbade said attorney to make such agreement for any sum as permanent damages to their land, and also forbade said attorney to agree to $100 for temporary damages; that without their knowledge, consent, or approval said attorney agreed to a journal entry of judgment which awarded plaintiffs $100 in full of all present, past, and prospective damages to their land from the causes aforesaid; that said judgment was rendered without evidence and the award of permanent damages was outside the issues made by the pleadings; that plaintiffs "were prevented, because of unavoidable casualty and misfortune so done and practiced upon them, as hereinbefore set out, from appearing at the trial of said cause and presenting their said case for temporary damages;" that on April 7, 1933, said city paid an installment of $43.58 on said judgment to the court clerk; that said attorney took down said sum from said clerk; that on February 28, 1934, plaintiffs learned for the first time that judgment had been rendered for permanent

damages, and that said attorney had collected said installment; that plaintiffs thereupon informed said attorney that his acts in permitting and securing said judgment were directly contrary to his authorization, and said attorney thereupon refunded to the clerk the installment aforesaid. Plaintiffs alleged the judgment was void, because outside the issues made by the pleadings (only temporary damages were sought) and against their express directions to their then attorney. Plaintiffs further pleaded that they did not consent to the rendition or entry of the judgment, and that the attorneys for the city were not duly authorized and the city council did not consent thereto; that plaintiffs, upon learning the facts, refused to recognize the judgment or any part thereof and elected to declare it void.

The city filed a general denial and alleged that said attorney was employed by plaintiffs to recover, and the petition and first amended petition asked for, damages permanent or temporary; that the agreement between the attorneys was concurred in or ratified by plaintiffs; that plaintiffs' attorney acted within his authority, and defendant was not informed to the contrary; that plaintiffs held out said attorney as their attorney and caused defendant to rely on his acts to its detriment and were estopped to deny his authority or the validity of said judgment; that said judgment recited that evidence was introduced; that the judgment rendered was within the pleadings or the agreement of counsel and within the evidence; that plaintiffs were guilty of laches in that they were advised of the judgment soon after rendition, and in any event were informed of it on or about May 1, 1933, and have not been diligent in attacking it; that defendant paid a portion of the judgment to the court clerk and the latter issued his check to plaintiffs therefor April 7, 1933; that the city council, June 30, 1931, authorized the city attorney to confess judgment for $100; that plaintiffs were barred by the statute of limitations (2 years). A reply joined the issues and on trial the court vacated the judgment rendered in the old case. Defendant city has appealed.

The original and first amended petitions will be disregarded because they were superseded by the second amended petition and the issues were joined without reference to the prior petitions. 49 C. J. 558; Gaar, Scott & Co. v. Rogers, 46 Okla. 67, 148 P. 161.

In the original action, the Robinsons, under the issues joined, sought $5,000 temporary damages against defendant city for its alleged negligent and unlawful acts which impaired their peace and quietude and the enjoyment of their home, diminished the value of vegetation, garden truck, and chickens which they endeavored to raise and damaged them in the use of their tract of about one acre.

July 8, 1931, judgment was rendered in which it was recited that "plaintiff" appeared by his then attorney and defendant appeared by its attorney, and both parties waived a jury and the case was submitted to the court; that both parties introduced evidence; that the court found "the plaintiff" owned the land and the defendant had permanently damaged it by operation of its filtration plant; that "the plaintiffs should recover permanent damages herein in the sum of $100, which amount includes all past, present, and prospective injuries to the real property described. * * *" It was then adjudged that plaintiffs recover of defendant "for damages from a permanent cause, to wit, the filtration plant of said city the sum of $100 with interest thereon at the rate of 8% per annum from this date."

The judgment rendered was outside the issues made by the pleadings. The Robinsons were not present when it was rendered and their attorney was without authority, by the weight of the evidence, to consent to the judgment as entered.

In Standard Savings & Loan Association v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451, this court held that the first fundamental requisite to the validity of a judgment is that it should have been rendered by a court having jurisdiction in three particulars: (1) Of the parties; (2) of the general subject-matter; (3) of the particular matter which the judgment professes to decide. And it was declared that a judgment entirely outside the issues and upon a matter not submitted to the court for its determination is a nullity. See, also, Electrical Products v. Haniotis, 170 Okla. 150, 152, 39 P. (2d) 42; State ex rel. Shull v. Moore, 167 Okla. 28, 27 P. (2d) 1048; 33 C. J. 1139.

In Nero v. Brooks, 116 Okla. 279, 281, 244 P. 588, 590, it is said:

"A judgment of a court beyond the scope of the pleadings and beyond the scope of the issues then proper is a nullity and not binding upon the parties." See, also, 15 R. C. L. 979.

In Gille v. Emmons, 58 Kan. 118, 62

Am. St. R. 612, the court quoted from Munday v. Vail, 34 N. J. L. 418:

"* * * A defect in a judgment arising from the fact that the matter decided was not embraced within the issue has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon general principles, such a defect must avoid a judgment. It is impossible to concede that because A and B are parties to a suit, a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not. * * *

"A judgment upon a matter outside of the issue must, of necessity, be altogether arbitrary and unjust, as it concludes a point upon which the parties have not been heard."

The New Jersey decision, supra, is a leading case and is quoted at length in Reynolds v. Stockton, 140 U. S. 254, 35 L. Ed. 468 (1, c.). Also see Sache v. Wallace (Minn.) 112 N. W. 386, 11 L. R. A. (N. S.) 803 and cases cited.

We quote from 33 C. J. 1076:

"In addition to jurisdiction of the parties and the subject-matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, and jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant."

There is no question here as to sufficiency of the petition to state a cause of action. The infirmity of the judgment in the original action is disclosed by the record or judgment roll.

Was the instability of the judgment cured by the fact that the attorney for plaintiffs below consented, without authority of his clients, to the judgment which was rendered? Under conflicting evidence the trial court found the issues in favor of the plaintiffs below, and thereby established as a fact that the attorney acted without authority in consenting to the judgement. It may be conceded that the general rule which requires relief granted to be within the the pleadings does not apply with full force to consent judgments, and if the sole infirmity of the judgment were the unauthorized act of the attorney in consenting thereto, the aggrieved clients would not be bound thereby, but timely action for relief would be necessary. Turner v. Fleming, 37 Okla. 75, 130 P. 551.

In Scott v. Moore, 52 Okla. 200, 203, 152 P. 823, 824, we find the following:

"An attorney has no authority to compromise a matter in his hands as attorney, without the specific authority of his client. Any settlement so made is without authority of law and void, and where the client denies that the attorney was given authority to compromise such claim, the burden is upon the attorney to show by a preponderance of the evidence that he was given such authority; or that the client, after the making of such compromise, with full knowledge of the compromise, approved it, or received the benefits thereof."

The following is from Dalton v. West End Street Ry., 159 Mass. 221, 38 Am. St. R. 410:

"An attorney at law has no authority to compromise an action against the prohibition of his client; and, if he has signed and filed in the case an agreement for the entry of judgment for a certain sum, and of judgment satisfied, the court has power to vacate the judgment, if the application therefor is seasonably made and the parties to the action can be put in statu quo."

From 6 C. J. 661, we quote:

"* * * A client, knowing the facts, may render an unauthorized compromise binding on himself by his acquiescence for a considerable period of time. A court is reluctant to disturb such a compromise if fairly entered into and not otherwise inequitable. The fact that a compromise by an attorney, made in excess of his authority, has been consummated by judgment by consent having been entered in pursuance of it does not render the compromise binding on a client, although it will make the court the less inclined to disturb it, and will render prompt action and a reasonable showing of merit on the part of the client necessary to secure its annulment."

Under the circumstances the judgment rendered was akin to a judgment by default against plaintiffs below; even though it was for $100 in their favor, they had sued for $5,000 and had been accorded no day in court to testify concerning the nature and extent of their alleged damages. It will not do to say that they were there just because their attorney was there when his action was not only beyond but contrary to their specific directions. They accepted no fruits of the judgment and no substantial prejudice resulted to the defendant below, and the parties are substantially in statu quo.

Having held that the judgment rendered was void, and that neither the acts of their attorney nor of plaintiffs below have estopped them from attacking it, the question as to the timeliness or tardiness of the attack thereon will not be discussed. The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid

of Attorneys James W. Cosgrove, Phil W. Davis, and E. M. Calkin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cosgrove, and approved by Mr. Davis and Mr. Calkin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted, as modified.

OSBORN, C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY and BUSBY, JJ., absent.