STATE of Oklahoma ex rel. Tina M. HUFFMAN, Plaintiff–Appellee,

v.

Randal Lee ROBERTSON, Defendant–Appellant.

No. 76866.

Court of Appeals of Oklahoma, Division No. 2.

April 13, 1993.

Charles Whitman, Tulsa, for plaintiff-appellee.

James C. Linger, Tulsa, for defendant-appellant.

BRIGHTMIRE, Judge.

The pivotal issues in this child support enforcement proceeding are whether the trial court erred in: [1] Vacating an earlier order which granted the father custody of subject child and ordered the natural mother to pay support; and [2] denying the father's application for an assignment of the mother's income.

We answer both questions in the affirmative.

### I

In January 1988, the State, on behalf of plaintiff Tina Huffman, obtained an order finding defendant Randal Robertson to be the natural father of Huffman's minor son. She retained custody; Robertson was granted visitation rights and, presumably, was ordered to pay child support.

On September 16, 1988, the father filed a motion to modify the January 1988 custody order on the ground that there had been a change of condition affecting the welfare of the child. He alleged that the mother had said she was unable to care for the child and had been leaving him with the father's mother for long periods of time; and, further, that it would be in the child's best interest to vest custody in him and grant the mother visitation rights.

Although no notice to the mother regarding the pending motion appears in the appellate record, she admits in her answer brief that the motion was timely served on her.[1] She further explains that she did not appear at the hearing "due to the circumstances of her being unable to make a living at the time, [and she] decided to let Robertson take a default judgment for all of the relief which he sought in his motion, custody only."

The trial court heard and granted the motion December 16, 1988. Custody of the child was granted to the father and, as a necessary incident required by law, the mother was ordered to help pay for his support in accordance with statutory guidelines.[2]

The order, however, was not filed until May 10, 1989. Minimal income had been imputed to the mother and she was ordered to make monthly support payments of $82.50 beginning May 15, 1989. According to the briefs this order was mailed to the mother.

The mother, however, failed to make the payments, so thirteen months later the father—who in the meantime had married—sought to terminate the mother's parental rights. The mother then began making support payments. As a consequence the court denied the motion to terminate. And the mother stopped paying.[3]

After the mother had fallen quite far behind in her support obligation, the father filed an "Application for Income Assign-

---

1. Such an admission in an appellate brief is an acceptable supplement to the record. *Deffenbaugh v. Hudson*, 791 P.2d 84, 85 (Okl.1990).

2. *See* 12 O.S.Supp.1988 § 1277.7, now 43 O.S. 1991 § 118.

3. It was also admitted that "Robertson sought a termination of [the mother's] parental rights almost a year to the day after the Order was finally signed, on May 10, 1989" so the child could be adopted by the father's new wife. After this, the mother said she "commenced making whatever support payments she could, according to her ability and not according to the Court Order, and thereafter made payments in the approximate sum of $100." The trial court apparently denied the requested termination, and the father then sought the assignment of income.

ment." This was on October 3, 1990. In it he requested that the court order the mother's employer to assign part of her income to the father.[4] At the same time the father also filed a "Notice of Delinquency" informing the mother of her right to a hearing on the matter.

The mother objected to the father's application on the ground "there is not presently on file a valid Court Order for the Plaintiff to pay child support" and by way of offset alleged she was owed past-due support which accrued during the time she had custody.

On November 27, 1990, the trial court concluded the order filed May 10, 1989, was a "nullity" because child support had not been specifically requested in the father's motion. The court consequently sustained the mother's objection, denied the father's application, and vacated the order.

The judge's legal conclusion was based on the holding in *Electrical Research Products, Inc. v. Haniotis Bros.*,[5] *i.e.* that a judgment outside the issues framed by the pleadings is void.

The father appeals.

## II

■ The father's first proposition is that the trial court erred in vacating its December 16, 1988, order because by statute the court is required to order child support even though a request for child support has not been made by either party in a child custody proceeding.[6]

■ The argument is that the applicable statutory law imposes upon the court the mandatory duty to provide for both the custody of a child and its support. For supporting authority the father relies on language found in a divorce statute which was in effect at the time the order in question was rendered, namely 12 O.S.Supp.1987 § 1277(A).[7]

While the divorce statute is, of course, not applicable to the situation we deal with here, we do agree with the father's fundamental legal thesis because it is supported by our paternity statute—10 O.S.Supp.1987 § 70.[8] It features provisions similar to those in § 1277. And, like the divorce statute, § 70 imposes a duty on the court, after determining paternity of a child, to "provide for the support and maintenance of the child, and if the court deems proper, custody and visitation of the child."

The statutory requirement applicable here is an exception to the rule applied in *Electrical Research Products, Inc.*—the case relied on by the trial court. That case applied a settled general rule that the resolution of an issue not raised by the pleadings is void.

Here, however, as we said, we are dealing with what can be called a statutory exception to the general rule, namely, a statute which prescribes what issues shall be adjudicated by the court in paternity cases. Thus the crux of the matter is that upon receiving notice of the father's motion to modify custody, the mother was charged with notice that if the motion was granted the court had a statutory duty to make appropriate provisions for the child's support as a necessary incident to the new custodial arrangement. And she also

---

**4.** Actually such a request may have been unnecessary because a 12 O.S.1991 § 1171.3 assignment of income provision was included in the order filed May 10, 1989.

**5.** 170 Okl. 150, 39 P.2d 42 (1934).

**6.** The father also contends that the court abused its discretion because (1) the mother's attack was untimely and (2) the mother's payment of partial support estops her from challenging the validity of the support order. Because of the disposition we make of the father's first proposition of error we need not discuss these.

**7.** Section 1277 has been recodified as 43 O.S. 1991 § 112.

**8.** 10 O.S.Supp.1987 § 70(2) reads:

"Proceedings to establish paternity may be brought: ... in district court by civil proceedings brought by the mother, the father, guardian or custodian of the child, the Department of Human Services, the district attorney, a public or private agency or authority chargeable with the support of the child, or by the child. The court after determining paternity in a civil action *shall* provide for the support and maintenance of the child, and if the court deems proper, custody and visitation of the child." (Emphasis added.)

knew, or should have known from her earlier experience in court, that both parents are responsible for the support of their child and that as a non-custodial parent she could expect to have to contribute to its support.

So to sum up, once jurisdiction of a court is invoked with respect to child custody matters, the statutes kick in and prescribe what issues the court shall decide. A similar rationale was promulgated in the divorce-related child support case of *Donahoe v. Alcorn*.[9]

### III

We hold, then, that the trial court erred in concluding as a matter of law that the order of December 16, 1988, was "a nullity" and in sustaining the mother's objection to the requested income assignment.

The order issued November 27, 1990, which implicitly vacates the December 16, 1988, order, is therefore vacated; the December 16, 1988, order is reinstated; and the cause is remanded with instructions to determine whether: (1) the mother is entitled to an offset for past-due support the father failed to pay the mother; and (2) the mother was given timely notice of the support order (her liability should run only from date of service). And after resolving these two issues, the court is directed to grant the father's Application for Income Assignment.

Order reversed and cause remanded with instructions.

RAPP, P.J., concurs.

REIF, V.C.J., concurs specially.

REIF, Vice Chief Judge, specially concurring.

I join the majority conclusion that Mother's child support obligation was properly determined in changing custody of the child from her to the judicially-determined Father, even though Father's motion for change of custody did not request or otherwise raise child support. I write separately to stress that the paternity statutes, 10 O.S.1991 §§ 70 through 90.5, under which this case arises, prescribe specific matters that *shall* be decided as an incident to making a paternity determination—support, custody and visitation. 10 O.S.1991 § 70. The interrelated and inclusive nature of these issues is further established by section 89(H) which *limits* the issues in proceedings brought by the Department of Human Services to paternity and support, *unless* custody and visitation are specifically and affirmatively pleaded by the father. In view of this single exception, it is reasonably clear that support, custody and visitation are otherwise conjoint issues *whenever* any one of them is raised. This would include a proceeding under section 79 to enlarge, diminish, or vacate any order or judgment.

In the instant case, the change of custody necessarily altered the support and visitation arrangement and it was the duty of the court to provide for the support of the child in view of this change. In setting support, section 83(C) directs the court to employ the child support guidelines in 43 O.S.1991 § 118. Accordingly, the support award against Mother in the instant case was proper as an incident of changing custody to Father and the court erred in holding that the support award was void when Father sought to collect the support by wage assignment.