THOMAS T. SIDELINKER *vs.* YORK SHORE WATER COMPANY.

York.    Opinion December 18, 1918.

*Right to take private property under power of eminent domain. Rule as to liability*
*of company instituting proceedings under power of eminent domain, alleging*
*the taking to be for public use; when in truth the alleged taking is for*
*private purposes. Facts necessary to constitute a tak-*
*ing under power of eminent domain.*

The defendant corporation having by legislative grant the right of eminent domain, attempted to condemn and take timberland owned by the plaintiff. Notice of taking, and later a petition for assessment of damages, were filed as provided by its charter. The damages were not determined. Before the time set for hearing the plaintiff applied to this court sitting in equity for an injunction, on the ground that the proposed taking was for private purposes. A bond was filed and temporary injunction issued.

Somewhat more than two years later, after decision rendered for the plaintiff, in the similar injunction suit of *Bowden* v. *York Shore Water Company*, 114 Maine, 150, the defendant formally abandoned the land and gave the plaintiff notice of abandonment. By consent, and without hearing, the plaintiff's equity suit was sustained, and a perpetual injunction ordered to issue.

In the meantime the plaintiff, who at the time the notice of taking was filed, had planned and prepared for an immediate lumbering operation on his land, suspended such operation by reason and in consequence of the notice of taking by the defendant. The defendant did not take possession of the plaintiff's property or any part of it.

The plaintiff alleges that by the defendant's acts above outlined he was "hindered and prevented from operating said described timberland," and that he is entitled to damages.

*Held:*

1. The decree in the injunction suit, though granted by consent and without actual hearing, estops the defendant from denying in the present case that the taking was for private purposes.

2. A private individual enjoying no special privileges, who without malice wrongfully asserts and presses by suit or otherwise a claim to the property of another, provided he does not physically interfere with such property or its possession, is not, under the common law, guilty of a tort. But a different and stricter rule should be applied to a corporation armed with the right of eminent domain. Authority in some measure determines accountability. Responsibility is a corollary of power. Privilege and duty grow on the same stem. The defendant was entrusted by the State with the power of taking private property

by eminent domain. This power is an attribute of sovereignty. Its possession is a privilege of high import. While nothing in this case shows that it was so used by this defendant, it may be made an instrument of oppression. Its exercise should be sedulously guarded. Atonement should be made for its abuse.

3. When this defendant filed in the office of the County Commissioners its notice of taking the plaintiff's land, stating therein that "it has taken and does hereby take" such land professedly for public but in fact for private uses, and also filed its petition for determination of damages, it committed an act tortious as to the plaintiff notwithstanding it did not by any physical means interfere with the plaintiff's possession.

Action on the case to recover damages on account of the alleged wrongful taking, by right of eminent domain, by the defendant company of certain lands of the plaintiff. Defendant filed plea of general issue and also brief statement. At close of evidence, by agreement of parties, case was reported to Law Court upon certain agreements and stipulations. Judgment in accordance with opinion.

Case stated in opinion.

E. P. Spinney, for plaintiff.

Ralph W. Hawkes, and Josiah Chase, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, DEASY, JJ.

DEASY, J. The defendant corporation having by legislative grant the right of eminent domain attempted to condemn and take timber land owned by the plaintiff. A notice of taking and later a petition for assessment of damages were filed, as provided by its charter. The damages were not determined. Before the time set for hearing the plaintiff applied to this court sitting in equity for an injunction on the ground that the proposed taking was for private purposes. A bond was filed and temporary injunction granted.

Another suit in equity brought against the same defendant by Samuel M. Bowden was pending at the same time involving other lands which the defendant was attempting to condemn and take. The Bowden case was reported to the Law Court and in the opinion (114 Maine, page 150) the purpose of taking in that case was held to be a private purpose. On this ground the bill was sustained and a permanent injunction ordered issued.

After the decision in the above case was announced defendant abandoned its attempt to take the plaintiff's (Sidelinker's) land and filed with the County Commissioners and gave to the plaintiff notices of such abandonment. Later the plaintiff's bill was sustained without hearing and the injunction made permanent. It seems to be conceded that there was an agreement between the parties to the pending suit that it should abide the result of the Bowden case. In the meantime the plaintiff who had at the time the notice of taking was filed, planned and prepared to operate his land, suspended such operation until after the defendant's abandonment.

The plaintiff brings this action of tort alleging that by the defendant's acts above outlined he has been "hindered and prevented from operating said described timber land." There is no proof and no allegation that the defendant entered upon the plaintiff's land or in any way interfered with the plaintiff's possession of the same, other than by filing notice of taking and petition for assessment of damages as above stated.

The acts complained of as above outlined, stated in chronological sequence are as follows:

July 12, 1913, Bowden Equity suit begun.

September 26, 1913. Notice filed by the defendant in the office of the County Commissioners of York County setting forth that the defendant "has taken and hereby does take" the plaintiff's land involved in this suit.

September 27, 1913. Letter written by the defendant's attorney to the plaintiff enclosing copy of notice and saying "Under the charter of the York Shore Water Company the filing of the paper of which the enclosed copy is an exact duplicate constitutes a taking of your land and timber for all purposes subject to their paying the fair value for the same."

November, 1913. Petition filed by the defendant with the County Commissioners of York County praying for determination of compensation.

December 8, 1913. Plaintiff's bill against defendant praying for injunction filed and subpoena issued. Temporary injunction granted upon filing bond.

November 24, 1915. Rescript from Law Court having been received, Bowden bill sustained and writ of permanent injunction ordered to issue.

January, 1916.  Notice of abandonment by defendant given to plaintiff, and filed with County Commissioners.

January 23, 1916.  Plaintiff's (Sidelinker's) bill sustained and perpetual injunction ordered to issue.

In the meantime from the Autumn of 1913 until the Autumn of 1916 the plaintiff suspended operation on his land described in the condemnation proceedings.  The plaintiff says this suspension was by reason of the defendant's attempted taking of the land.

The essence of the plaintiff's case is the charge that the attempted condemnation while professedly for public was in truth and in fact for private purposes.

Granting a lawful taking the abandonment was warranted for at its date damages not having been determined the rights of the parties had not become reciprocally vested.  *Furbish, Petitioner,* v. *County Commissioners,* 93 Maine, 117.

The abandonment before determination of compensation of property properly taken for public purposes does not ordinarily cause liability.  Damages suffered by the land owner are in such case incident to the ownership of property.

It has been held however that undue and unreasonable delay or other misconduct in the proceedings will render the corporation liable for damages.  *Winkelman* v. *Chicago,* 213 Ill., 360, 72 N. E., 1066; *Cushman* v. *Smith,* 34 Maine, 247.

What the plaintiff in this case complains of is not delay or misconduct in a condemnation proceeding lawfully initiated, but the wrongful beginning of such proceeding.  His complaint is that the defendant having power to take his land for public purposes proceeded by legal formalities to take it for illegal purposes.

The attempted taking was as stated in the notice "the protection of the water of Chase's Pond."  There is no testimony in this case showing the situation of the plaintiff's land with reference to the pond. But prior to the beginning of this action a suit in equity was begun by the plaintiff against the defendant praying that it be enjoined from proceeding with its condemnation for the reason that the purpose was private; the very ground upon which this case rests.  An answer and replication were filed; and a decree obtained sustaining the bill and directing that the temporary injunction be made permanent.

This decree although granted apparently by consent without actual hearing estops the defendant from denying in the present case that the taking was for private purposes. *Corey* v. *Independent Ice Company,* 106 Maine, 485. *Wilson* v. *Lacroix,* 111 Maine, 324.

This brings us to the main issue. Did the filing by the defendants in the County Commissioners Court of a notice of taking stating that the defendant "has taken and hereby does take" the plaintiff's land, such act being ostensibly for a public and lawful purpose but really for a private and unauthorized purpose, render the defendant liable in this action of tort?

A private individual enjoying no special privileges who without malice wrongfully asserts and presses by suit or otherwise a claim to the property of another provided he do not physically interfere with such property or its possession is not under the common law guilty of a tort.

But a different and stricter rule should be applied to a corporation armed with the right of eminent domain.

Authority in some measure determines accountability. Responsibility is a corollary of power. Privilege and duty grow on the same stem.

The high standard demanded in the conduct of trustees; the rule of trespass ab initio applied in the case of public officers and the extraordinary degree of care required of common carriers are some of many illustrations of the broad application of this principle. The defendant was entrusted by the state with the power of taking private property by eminent domain. This power is an attribute of sovereignty. Its possession is a privilege of high import. While nothing in this case shows that it was so used by this defendant it may be made an instrument of oppression. Its exercise should be sedulously guarded. Atonement should be made for its abuse.

While counsel have not cited nor have we discovered any authority directly in point, we hold that when this defendant filed in the office of the County Commissioners its notice of taking the plaintiff's land stating therein that it "has taken and hereby does take" such land professedly for public but in fact for private purposes and also filed its petition for determination of damages it committed an act tortious as to the plaintiff notwithstanding it did not by any physical means interfere with the plaintiff's possession.

In determining the amount of damage the rule in this case as in all cases is that the plaintiff should be made whole. He should have actual but not speculative damages. The plaintiff claims that his damages were enhanced by reason of a contract that he had made to sell the lumber on the lot. The evidence does not satisfy us that his legal damages were affected by this circumstance. On the other hand the weight of evidence is clearly opposed to the defendant's contention that the growth wholly offsets the loss.

The plaintiff shows that the cost of operation increased considerably during the suspension. But it also appears that the market value of lumber increased in about the same proportion.

We find that the plaintiff was justified in suspending his lumbering operation. A corporation vested with the right of eminent domain having filed notice in proper form and in the proper office that it had taken his land he rightly determined to submit until by orderly legal procedure the rights of the parties could be settled.

But on November 24, 1915, the Bowden case was decided by the Law Court. We are not convinced that the continued suspension after this time was due to the defendant's acts.

From September 25, 1913, to November 24, 1915, the plaintiff suspended his lumbering operation and was justified in so doing by reason of the defendant's attempted condemnation.

The plaintiff was deprived of the use of his land for a period of about two years and two months. He paid two years' taxes which presumably would have been much less if he had stripped the land in 1914. He suffered some damages caused by sacrifice of his preparations for operating in that year.

Upon all the evidence without extending this opinion by further analysis or comment we think that the plaintiff will be made whole if he is awarded damages in the sum of six hundred dollars.

*Judgment for the plaintiff for $300.*