## WALTER S. LADD

### *vs.*

## MARTHA J. MERRILL, EVA E. BEAN, EXECUTRIX.

## York.    Opinion November 1, 1920.

*Judicial notice by the court of its own records.  Must be pertinent to the issues in the case at bar.  If offered for a purpose not relevant or material, may be excluded.*

In an action to recover for labor performed by the plaintiff on the farm of the defendant, a copy of a writ in an action brought by the representative of the estate of the defendant against the plaintiff in which a credit for labor appeared was offered in evidence by the plaintiff in rebuttal.

*Held.*

While the court will in proper cases take judicial notice of its own records, it will not consider them unless they are pertinent to the issues in the case at bar. Ordinarily it will not go outside of the records of the case before it, unless the records are offered in evidence; and if offered for a purpose that is not relevant or immaterial they may properly be excluded.

There is nothing in the evidence in this case to identify the labor for which credit was given in the action brought by the representative of the estate of the defendant with any labor for which the plaintiff seeks to recover in this action.

The exclusion of testimony that was not inconsistent with the evidence for the rebuttal of which it was offered was not prejudicial to the plaintiff in this case.

On exceptions, and general motion for new trial.    This is an action of assumpsit on account annexed to recover for labor alleged to have been performed by plaintiff for defendant, who died before the cause came on for trial, and Eva E. Bean, Executrix, came in and defended. In rebuttal, plaintiff offered in evidence a copy of a writ in an action brought by the representative of the estate of the defendant against the plaintiff in which a credit for labor appeared, which was excluded by the presiding Justice, to which ruling plaintiff excepted. The jury returned a verdict for defendant, and the case went to the Law Court on exceptions and a motion for new trial.    Motion and exceptions overruled.

Case is stated in the opinion.

*John P. Deering*, for plaintiff.

*Clarence Webber, and Eva E. Bean*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

WILSON, J. An action of assumpsit to recover for personal services performed on the farm of the defendant, Martha J. Merrill, extending over a period of years from 1911 to 1915. After suit was brought the defendant died and her executrix, Eva E. Bean, then became a party and defended. The same action was tried at the January term, 1918, and resulted in a verdict for the plaintiff, but on motion for a new trial the verdict was set aside as being clearly wrong, see *Ladd* v. *Bean, Exrx.*, 117 Maine, 445.

At the second trial the jury brought in a verdict for the defendant. The plaintiff now comes before this court on a motion for a new trial on the usual grounds and on an exception to the exclusion of certain evidence.

The motion is not urged by the plaintiff and clearly could not be sustained. The exception is to the exclusion as evidence of a certain writ and account annexed brought by said Eva E. Bean in her representative capacity as executrix of the will of Martha J. Merrill against the plaintiff in this action, in which account annexed there appears a credit for labor performed by the plaintiff for five weeks amounting to $52.50. The only ground urged at the trial for the admission of this evidence, and the only ground on which it can be considered here, *Hathaway* v. *Williams*, 105 Maine, 565, is that the credit for labor contained in the account annexed to the writ would rebut certain testimony introduced by the defense to the effect that the occupation of the farm by the plaintiff was under an agreement by which the plaintiff, Ladd, was to have a home there, raise such produce as he might wish for his own use, have sufficient hay for a horse, and in consideration of which he was to assist in cutting the hay, and keep down the bushes, and as a further result of this arrangement beneficial to the defendant, the buildings could be kept insured.

It is now urged by the plaintiff that since the writ is a part of the records of the court, it is *ipso facto* admissible and the court should have taken judicial notice of its own records. While the court may in proper cases take judicial notice of its own records, it will not

consider them unless they are pertinent to the issues under consideration. Ordinarily it will not go outside of the record of the case before it, unless the records are offered in evidence; and if offered as evidence for a purpose that is not relevant, they may be properly excluded. Such seems to be the better practice, and has the support of the authorities. Wigmore on Ev. Vol. 4, Sec. 2579, Wharton on Ev. Vol. 2, Sec. 326, *Anderson* v. *Cecil*, 86 Md., 490.

It in no way appears from the evidence in this case, or from the account annexed to the writ that was excluded, when or where the labor for which the credit was given was performed or that it was in any way connected with the relations between the parties out of which the action at bar has grown. It is not, therefore, inconsistent with the evidence of the defendant's witness for the rebuttal of which it was offered. And from an examination of the case we are of the opinion that the plaintiff was not prejudiced by the exclusion of this evidence. Greenleaf on Evidence, Vol. 1 (16 Ed.) Sec. 186 (3); *Rockland* v. *Farnsworth*, 89 Maine, 481; *Dennie* v. *Sullivan*, 135 Mass., 28.

Entry will be,

*Motion and exception overruled.*