## WINHOVEN v. UNITED STATES.
### No. 13483.

United States Court of Appeals
Ninth Circuit.

Dec. 31, 1952.

Willard A. Winhoven, in pro. per.

Chauncey Tramutolo, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order of the district court denying Winhoven's motion under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate a judgment adverse to him in a 28 U.S.C. § 2255 proceeding. The grounds of the motion to vacate are that the 2255 judgment against him is "void" because Winhoven in the hearing of his motion was denied procedural due process of law in violation of the Fifth Amendment by

(a) Failing to act upon his motion to be present at the hearing on his motion to vacate judgment.

(b) Failing to act upon his writ of habeas corpus requiring his presence at such hearing on motion to vacate judgment.

(c) Failing to act upon his motion for issuance of subpoenae to witnesses *those* names and addresses were therein stated.

Rule 60(b)[1] provides, inter alia, as a fourth and separate ground for setting aside a judgment that it is "void."

The judgment of the district court on this 60(b) motion ignores this contention that the judgment sought to be set aside is void. The language is:

> "Winhoven's motion is to set aside the court's order of June 21, 1949 denying his motion to vacate the judgment against him. The motion is made under rule 60(b) Rules of Civil Procedure. It does not allege or claim that the order denying vacation of the judgment was taken against him through *his* mistake, inadvertence, surprise or excusable neglect. Hence it is groundless. The reasons asserted by defendant to set aside the order of June 21, 1949 are such as might be raised on appeal.
>
> "Motion denied."

██ We hold the court erred in failing to consider Winhoven's contention that the 2255 judgment is void. If void for violation of the due process clause of the Fifth Amendment by denying him participancy in the hearing of his motion, he may move to set it aside without appealing therefrom. Escoe v. Zerbst, 295 U.S. 490, 494, 55 S.Ct. 818, 79 L.Ed. 1566; Sunal v. Large, 332 U.S. 174, 182, 67 S.Ct. 1588, 91 L.Ed. 1982.

We do not think the error is harmless. The original motion in that proceeding alleges Winhoven's request to the court in his criminal trial that he be allowed to conduct his own case and for that purpose that he be relieved of his counsel was denied. The United States answered and denied this allegation, stating "that it is not true that the Court at any time during the proceedings forced defendant-petitioner to be represented by a counsel whose assistance was unwanted or undesired by the defendant or whose assistance was ineffective or divided or whose assistance was trammeled or burdened by simultaneous representation of his co-defendant."

On this issue so joined Winhoven's 60(b) motion alleges that the Court, without notice to him, but with notice to the United States Attorney, proceeded to try the case and accepted the affidavit of the United States Attorney prosecuting the criminal, in which he alleged "that he has no recollection of any request being made to the Court by defendant and petitioner to be permitted to represent himself and no recollection of the Court's denial of said request, and basing his answer on this fact, affiant states that to his best recollection and belief no such request or denial thereof was made."

The record in the original criminal trial shows nothing of defendant's motion to seek his own defense of his case. The transcript of the testimony was not written up and even if it had been it well could be contended that the motion was made and not recorded by the reporter. One may always prove dehors the record that the record is incomplete or wrong. The district judge on the motion was not the judge who tried the criminal case, hence the decision was not based on memory of the trial.

The judgment is reversed and the district court ordered to proceed and consider Winhoven's motion to vacate, the government's opposition thereto, if any, and decide the motion on its merits.

1. "60 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * * "