UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN P. GIRARDI; JANET E. GIRARDI,
<u>Plaintiffs-Appellees,</u>

v.

HATSY HEEP,

<u>Defendant-Appellant,</u>

No. 98-2617

and

ANN BRAKKE CAMPFIELD,
<u>Party in Interest.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-96-894-3)

Argued: September 23, 1999

Decided: December 30, 1999

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Reversed and remanded with instructions by unpublished opinion.
Judge Traxler wrote the majority opinion, in which Judge Wilkins
joined. Judge Niemeyer wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Gary Alvin Bryant, WILLCOX & SAVAGE, P.C., Nor-
folk, Virginia, for Appellant. Archibald Wallce, III, SANDS,

ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellees. **ON BRIEF:** John Dinshaw McIntyre, Peter V. Chiusano, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellant. L. Lee Byrd, SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

TRAXLER, Circuit Judge:

Hatsy Heep ("Heep") appeals from the district court's denial of her motion to reopen the court's June 17, 1997 judgment. The district judge rejected Heep's contention that the order is either void under Federal Rule of Civil Procedure 60(b)(4) or a product of mistake under Rule 60(b)(1). We reverse and remand with instructions.

I.

In 1991, Heep contracted with John and Janet Girardi ("the Girardis") to purchase their home and an adjoining lot. Heep later refused to perform and the Girardis sold the property to another purchaser for substantially less than the Heep contract. The Girardis sued Heep for breach of contract in Virginia state court and secured a judgment for $873,248.18 and an award of attorney fees. Shortly after the judgment, Heep filed a Chapter 7 bankruptcy petition, and the Girardis instituted an adversary proceeding to except their judgment from discharge on the grounds of fraud or, alternatively, for willful and malicious injury. See 11 U.S.C.A. §§ 523(a)(2)(A), (a)(6) (West 1993 & Supp. 1999). The trial began before the bankruptcy court with a presentation of evidence by the Girardis. During their case the Girardis called Heep as an adverse party, at which time Heep answered the questions propounded by the Girardis and some thereafter in response from her attorney. At the close of the Girardis' evi-

2

dence, the bankruptcy judge dismissed the Girardis' complaint on Heep's motion. Having succeeded in obtaining a dismissal of the Girardis' claims, Heep did not go forward with her case. The Girardis appealed to the district court. See 28 U.S.C.A. § 158(a) (Supp. 1998).

By the time the Girardis appealed, Heep's attorney had withdrawn and Heep was proceeding pro se. The notice of appeal and appellate brief were served on Heep by first class mail at the address shown for her in the bankruptcy court's files. Although Heep now alleges she never received the notice or brief and that the address used was incorrect, the address was the one she gave the bankruptcy court as well as the address used by counsel representing Heep in other matters.

Heep did not attend the appellate argument before the district court. The district judge, recognizing Heep was without representation, took the matter under advisement and issued an order giving Heep additional time to file a brief. The court mailed the order to Heep's address of record and asked former counsel for Heep, who happened to be present in the courtroom on another matter, to inform Heep that she could file a brief. The attorney promptly wrote Heep and explained that if she did not take appropriate action such as retaining counsel or filing a brief, the order of the bankruptcy judge would be reversed.[1] Nevertheless, Heep did not retain an attorney or attempt to respond to the Girardis' arguments.

In subsequently ruling on the issues, the district judge, sitting as an appellate court, took a different view of the strength of the Girardis' case than that of the bankruptcy judge, and found the Girardis' evidence sufficient to support a claim for willful and malicious action by Heep. Rather than remanding the case to the bankruptcy court for the presentation of Heep's case and the completion of the trial, however, the district court entered judgment for the Girardis. This decision of the district court was filed on June 17, 1997, and mailed to Heep.

Heep alleges that she did not learn of the district court's decision until the fall of 1997. However, Heep's affidavit and the evidence of

_____

[1] As with the original notice of appeal, Heep alleges she never received her attorney's letter or the district court's order granting an extension of time.

3

her attempts to retain counsel to handle an appeal of the order show clearly that Heep knew of the district court's decision by early August 1997. At no point did Heep file a timely appeal or move for an extension of time to appeal. According to Heep, this inaction resulted from her lack of funds. Heep first endeavored to redress the June 17, 1997 order in April 1998 when she filed a motion to reopen the judgment based upon Rules 60(b)(1) and 60(b)(4).**2**  The district court described the June 17, 1997 order as the "result of an error of law," but denied the motion. J.A. at 1280. Heep now appeals the denial of her motion to reopen the judgment.

II.

Heep claims that she is entitled to relief under Rule 60(b)(4) because the June 17 order is void. We review the district court's denial of Heep's Rule 60(b)(4) motion de novo. See Compton v. Alton S.S. Co., 608 F.2d 96, 107 (4th Cir. 1979) (stating that motions "under 60(b)on any ground other than that the judgment is void" are reviewed for abuse of discretion); see also Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir.), cert. denied, 119 S. Ct. 591 (1998); Grun v. Pneumo Abex Corp., 163 F.3d 411, 423 (7th Cir. 1998), cert. denied, 119 S. Ct. 1496 (1999).

Rule 60(b)(4) permits a district court to relieve a party from a final judgment because it is void. See Fed. R. Civ. P. 60(b)(4). Unlike the other grounds under Rule 60(b), a void judgment can be set aside at any time, and the movant need not establish a meritorious defense. See Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind, 841 F.2d 646, 649 (5th Cir. 1988).

Finality concerns and the danger that litigants will use motions under Rule 60(b)(4) to eschew the appellate process require that we

_____

**2** Depending upon when Heep learned of the district court's order, the preferred course would have been a timely motion for reconsideration or alteration of the judgment, an appeal, or a motion for extension of time to appeal. However, if a judgment is void, a party is not foreclosed from seeking relief under Rule 60(b)(4) because other available avenues of correction were not utilized. See Winhoven v. United States, 201 F.2d 174, 175 (9th Cir. 1952).

narrowly construe the concept of a void judgment. See Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995). A judgment that is merely erroneous cannot be set aside for voidness; direct appeal is the only avenue of correction. See Baumlin & Ernst, Ltd. v. Gemini, Ltd., 637 F.2d 238, 242 (4th Cir. 1980). A judgment is void if the court rendering the decision lacked personal jurisdiction, subject matter jurisdiction, or acted without regard for due process of law. See Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999); Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992).

Because the district court clearly had jurisdiction over the parties and the subject matter, our inquiry is limited to whether Heep was accorded due process of law. Due process commands that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950); see also Mallette v. Arlington County Employees' Supplemental Retirement Sys. II, 91 F.3d 630, 640 (4th Cir. 1996) ("At a minimum, the Constitution requires notice and some opportunity to be heard."). Heep's property rights are at stake and subject to diminution, see Mullane 339 U.S. at 313, because if the state court judgment and accompanying fee award are non-dischargeable under the bankruptcy code, see 11 U.S.C.A. §§ 523(a)(2)(A), (a)(6), Heep will be required to pay the Girardis almost $1 million.

A.

Heep first alleges that notice was insufficient because (1) she never received the mailings from the court or the Girardis, and (2) even if she did, notice was inadequate. Under Bankruptcy Rule 8004, service of notice may be made by mailing the notice "to the party's last known address." Fed. R. Bankr. P. 8004. The district judge found that the relevant materials were "timely sent to Heep at the address where she resided then which was the address of record she had supplied to the Bankruptcy Court." J.A. at 1274. Based upon a review of the record for clear error, see In re Rosenfeld, 23 F.3d 833, 836 (4th Cir. 1994), we accept the district judge's factual findings regarding service of the Girardis' notice of appeal and other pertinent documents upon Heep. Moreover, we note that the district judge diligently sought to protect Heep's rights when at the first scheduled argument he took the

5

matter under advisement and issued an order giving Heep additional time to file a brief.

We also agree that the notice provided was adequate and reasonably conveyed the substance of the Girardis' appeal. Bankruptcy Rule 8001, in pertinent part, provides:

> The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment . . . appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee.

Fed. R. Bankr. P. 8001. The notice of appeal closely follows the Official Form, see 11 U.S.C.A. Official Bankr. Form 35 (West 1984), contains the names of all parties to the order and the requisite information regarding counsel, specifies the particular judgment appealed from, and notes that the filing fee was paid. J.A. at 681-83. Considering the notice of appeal as well as the statement of the issues, we have no doubt that Heep was adequately informed that the Girardis were appealing the bankruptcy court's decision that as a matter of law the Girardis could not prove that Heep's conduct was fraudulent or willful and malicious.

Despite the Girardis' adherence to the Bankruptcy Rules and the relevant form, Heep further complains that the notice did not inform her that the district judge might enter judgment for the Girardis without remanding for the presentation of evidence. In essence, Heep claims she was entitled to pre-hearing notice of every possible outcome of the proceeding.[3] Such an argument clearly has no merit. Concerns for due process of law "do[ ] not require notice of all possible

_____

[3] The cases cited by Heep in support of her position are inapposite. For example, Heep relies on In re Linkous, 990 F.2d 160 (4th Cir. 1993), in which we held that notice to a creditor of a confirmation hearing was insufficient to notify him that a valuation hearing would also be held. Id. at 163. However, unlike the creditor in In re Linkous who received no notice of the valuation hearing, Heep was notified on more than one occasion of the Girardis' appeal. Similarly, Heep cites New York Life Insurance Co. v. Brown, 84 F.3d 137 (5th Cir. 1996), in which the Fifth Circuit held that notice requirements were not satisfied when the district court mailed notice of summary judgment proceedings to Brown at an address it knew to be invalid. Id. at 142. In this case, however, notice was mailed to Heep at the address which she provided to the bankruptcy court.

6

ramifications of a hearing." In re W.F. Dev. Corp., 905 F.2d 883, 885 (5th Cir. 1990). In sum, we find that Heep received adequate notice of "such nature as reasonably to convey the required information" about the Girardis' appeal. Mullane, 339 U.S. at 314.

B.

Heep next contends that she was denied an opportunity to be heard. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). Because fundamental fairness requires that a party have the opportunity to present evidence on the allegations of the complaint and the contested factual issues, the denial of this opportunity renders a court's ensuing judgment void. See Klapprott v. United States, 335 U.S. 601, 609 (1949) (stating that "if the hearing of evidence is a legal prerequisite to rendition of a valid . . . judgment," the denial of the opportunity to be heard renders the judgment void); In re Complaint of Bankers Trust Co., 752 F.2d 874, 890 (3d Cir. 1985) ("Due Process mandates that a judicial proceeding give all parties an opportunity to be heard on the critical and decisive allegations which go to the core of the parties' claim or defense and to present evidence on the contested facts."); Thompson v. Madison County Bd. of Educ., 476 F.2d 676, 678 (5th Cir. 1973) (noting the importance of an opportunity to present evidence and concluding that "a court can only render a judgment after the parties have been afforded a full and fair trial on the claims properly before the court").

Here, the district court acknowledged that it mistakenly entered judgment for the Girardis when the proper course would have been to remand the case to the bankruptcy judge, the original fact finder, for the presentation of Heep's evidence; however, the district court determined that this merely rendered the judgment erroneous, but not void. In reviewing the record, we conclude that the district court's disposition of the case "went beyond the ordinary `mistake;' it resulted in a judgment which . . . was `void.'" Compton, 608 F.2d at 106.

A fundamental aspect of our judicial system is that a judge deciding a dispute between two parties will hear both sides before a judg-

7

ment is entered. This trial never got to the defense. Although Heep had a limited opportunity to be heard by virtue of her having been called to the stand as an adverse party by the Girardis, because of the district court's judgment she will not have been given a chance to present her case at a "meaningful time and in a meaningful manner." Mathews, 424 U.S. at 333. First, the Federal Rules of Evidence, which apply to bankruptcy proceedings, see Fed. R. Bankr. P. 9017, dictate that cross-examination "be limited to the subject matter of the direct examination" unless the court permits otherwise. Fed. R. Evid. 611(b). Hence, Heep's counsel, in conducting his cross-examination of her, was restricted in the scope of his questioning. Moreover, the trial transcript indicates that counsel for Heep, after a brief cross-examination, contemplated more extensive questioning during Heep's case in chief when he informed the bankruptcy judge:"I'll save the remainder of my questions for our portion of the case." J.A. at 604. Under these circumstances, Heep's defense to the Girardis' allegations of fraud and malicious injury was never fully presented in the bankruptcy court. Second, we cannot conclude there were no other witnesses for Heep or that there was no documentary evidence which might have been forthcoming if Heep had been permitted to present her case. In short, Heep has never had a chance to call a single witness. This is a denial of due process and no judgment dictating such a result can stand.

The Girardis claim that Heep had a sufficient opportunity to be heard because she could have attended appellate arguments in the district court and thereafter appealed the June 17 order to this court. Their contention seems to be that the question of due process is determined by an examination of the process leading to the decision, without regard for the effect of the decision itself. In other words, the Girardis assert that if the district court accorded Heep proper notice and an opportunity to be heard during the appeal, the district court's decision, whatever it was, comported with due process. Our difference with the Girardis is that we do not believe the due process questions can be determined by turning a blind eye to the effect of the June 17 order, for in this extremely unusual situation it is the judgment itself which denies Heep the right to present her side of the case. See In re Complaint of Bankers Trust, 752 F.2d at 891-92 (holding that trial court's refusal to conduct a hearing on the validity of a release and special power of attorney deprived litigant of due pro-

8

cess); Thompson, 476 F.2d at 678 (holding due process was denied when district court refused to conduct evidentiary hearing concerning school's decision to terminate teachers). We have previously expressed concerns for due process when an improper judgment was entered even though notice and the opportunity to be heard had been accorded to the defendant. In Compton we concluded that a default judgment entered against the defendant was void when the district court misapplied a statute and granted relief in excess of the amount Compton was entitled to under the complaint. See 608 F.2d at 104-05. Compton dealt with a suit by a seaman for the recovery of wages. In Compton, the district judge entered a default judgment for $58,000 when the plaintiff had asked for $5000 and was actually entitled to only $300. Even though the defendant in Compton , like Heep in the present case, received notice and declined to appear, we determined that such an unconscionable judgment had to be void or "there would be serious due process questions." Id. at 106; see also United States v. Indoor Cultivation Equip., 55 F.3d 1311 (7th Cir. 1995) (holding default judgment void even though proper notice was given because the government failed to commence forfeiture proceeding within the requisite time); Great Am. Trading Corp. v. I.C.P. Cocoa, Inc., 629 F.2d 1282, 1288 (7th Cir. 1980) (reversing lower court's refusal to hold evidentiary hearing on existence of an arbitration agreement and concluding that "if no arbitration agreement exists the arbitration award and judgment entered thereon is void" despite appellant's knowledge of the arbitration proceedings and refusal to participate). Because the effect of the June 17 order was to deprive Heep of an opportunity to present her case in the bankruptcy court,[4] Heep's knowledge of the proceeding from which the void judgment resulted and her right to appeal the district court's order to this court do not alter the fact that a judgment denying due process is void ab initio.

_____

**4** At first blush it appears contradictory to say that the effect of the June 17 order was to deny Heep her due process rights in the bankruptcy court when Heep emerged victorious in the original proceedings before the bankruptcy judge. However, the unique situation presented in which the district judge misconstrued the extent of the proceedings below and essentially assumed the mantle of a trial court instead of an appellate court dictates the conclusion that the district judge's action denied Heep due process in the bankruptcy court.

9

Similarly, the Girardis argue that the June 17 order is merely erroneous and that, because Heep never appealed the order, no relief is available under Rule 60(b). The Girardis claim that because the district judge is authorized under Bankruptcy Rule 8013 to affirm, modify, reverse, or remand with instructions, the fact he acted within his express powers, i.e., reversing the bankruptcy court and entering judgment, leads to a valid judgment. While it is true that a district court sitting as an appellate court has several options under Rule 8013, an exercise of judicial authority still cannot be valid in situations where there is no personal jurisdiction, where there is no subject matter jurisdiction, or where due process is denied. See Schwartz, 976 F.2d at 217. So, when due process is denied, the action by the court is void regardless of whether the court has the general authority to enter a judgment. Upon hearing Heep's motion to reopen, the district judge should have "wiped the slate clean" by declaring his entry of judgment void and thus "restored [Heep] to the position [she] would have occupied had due process of law been accorded." Armstrong v. Manzo, 380 U.S. 545, 552 (1965).**5**

III.

For the foregoing reasons, we conclude that the district court's June 17, 1997 order is void. Accordingly, we reverse the district court's denial of Heep's Rule 60(b)(4) motion and remand with instructions to return the case to the bankruptcy court for completion of the trial.

REVERSED AND REMANDED WITH INSTRUCTIONS

NIEMEYER, Circuit Judge, dissenting:

Because the June 17 judgment at issue before us was, in every respect, entered in accordance with due process of law, I dissent from the majority's conclusion that the substantive error in the content of the judgment, which the appellant failed to appeal, rendered the judgment void and thereby collaterally reviewable under Federal Rule of

_____

**5** Heep also asks for relief under Rule 60(b)(1) on the grounds that a mistake was made. Because we hold the June 17 order is void under Rule 60(b)(4), we do not reach this issue.

10

Civil Procedure 60(b)(4). My conclusion rests on the procedural facts that are undisputed.

I

John and Janet Girardi contracted to sell real property to Hatsy Heep. When Heep refused to consummate the transaction, the Girardis were forced to sell the property to another party at a substantial loss. They then sued Heep in a Virginia state court and obtained a judgment in the amount of $873,248. When Heep sought protection in bankruptcy from execution of the judgment, the Girardis sued Heep in bankruptcy to have their judgment excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) because Heep's conduct had been fraudulent, willful, and malicious. At trial in the bankruptcy court, the bankruptcy judge granted Heep's motion for judgment at the conclusion of the Girardis' case. The bankruptcy judge made findings of fact and conclusions of law, as required by Federal Rule of Bankruptcy 7052, holding, among other things, that the Girardis failed to establish fraud and malice. Accordingly, the bankruptcy court entered a final order of dismissal dated September 23, 1996 (the "September 1996 judgment").

From the September 1996 judgment, the Girardis filed a notice of appeal to the district court pursuant to 28 U.S.C.§ 158(a). Following a hearing and briefing in the district court, the court entered an order dated June 17, 1997 (the June 1997 judgment), reversing the "decision and judgment of the bankruptcy court." The district court observed that "the record is clear, beyond question, that Heep acted willfully in breaching the Girardi contract." It concluded that the uncontradicted evidence established both malice and fraud and that therefore the state court judgment against Heep was non-dischargeable.

Heep did not appeal the June 17 judgment of the district court. Rather, almost ten months later, she tried to attack the judgment collaterally by moving to reopen it under Federal Rule of Civil Procedure 60(b)(4). In response to Heep's motion to reopen, the district court acknowledged that it should not have reversed the bankruptcy court but rather should have remanded the case for a new trial. But before ruling on the motion to reopen the judgment, the district court

11

invited Heep to proffer her defenses on the merits and to provide the district court with an explanation for her delay in filing the Rule 60(b)(4) motion. Following a hearing and briefing, the district court denied the motion to reopen, stating that Heep's remedy was an appeal, not a collateral attack on the judgment. In entering this order, the district court noted that Heep had testified at trial before the bankruptcy court (as an adverse witness for the Girardis) and that her testimony did not "overcome the other record evidence which clearly established that she willfully and maliciously injured the Girardis."

From the district court's order refusing to reopen the June 17 judgment, this appeal followed. Heep now contends that the district court's June 17 judgment was void both because Heep did not have notice of the appeal from the bankruptcy court to the district court and because she was never given the opportunity to present her case on the merits before the bankruptcy court.

II

While I agree with the district court and the majority that the June 17 judgment of the district court contained error, that fact does not justify the conclusion that the judgment was void. The majority ruled that this June 17 judgment was void because the district court "`acted in a manner inconsistent with due process of law.'" Eberhardt v. Integrated Design & Construction, Inc., 167 F.3d 861, 871 (4th Cir. 1999) (quoting Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992) (citations omitted)).

As the majority pointed out, Heep was in fact given repeated notices, from several different sources, of the Girardis' appeal from the bankruptcy court to the district court. Moreover, when Heep did not appear to argue the appeal, the district court specifically sent her another notice to give her an opportunity to brief her position on appeal. Even though Heep was given this notice and these opportunities to be heard on appeal, she failed to appear, presumably because she no longer had an attorney. The majority, however, concludes that she was not given an opportunity to be heard because she never presented her case before the bankruptcy court. But the bankruptcy court proceeding is not the one at issue before us. It is the June 17 judgment of the district court. By the very conclusion of the majority that Heep

12

had notice and the opportunity to be heard on the appeal, she was afforded due process in the appellate proceeding and the challenged judgment cannot be void because of a lack of due process.

The majority conflates the proceedings before the district court and the bankruptcy court to conclude that because the district court erred, Heep did not have an opportunity to be heard before the bankruptcy court. Whether Heep was heard before the bankruptcy court does not, however, determine whether the district court's order satisfied due process. The question is whether Heep was given the opportunity to be heard before the district court which entered the order in question. Moreover, when the district court erred in entering its judgment, the remedy for error was an appeal to this court. The fact that Heep did not take the appeal and therefore was erroneously denied a new trial does not render the judgment void.

The district court clearly had jurisdiction over the parties and the subject matter; it clearly acted within its appellate authority over bankruptcy judgments; and Heep clearly had notice of the appeal and an opportunity to be heard before the district court. The district court's judgment was without question entered in conformance with due process. Because we cannot conclude that the district court's judgment was void under Federal Rule of Civil Procedure 60(b)(4), I would affirm the order of the district court denying Heep her motion to reopen the judgment.

13