**Louise E. HACKETT**

v.

**Richard L. EATON.**

Supreme Judicial Court of Maine.

Aug. 11, 1978.

Robert E. Mongue (orally), Kennebunk, for plaintiff.

Cole & Daughan by Francis P. Daughan (orally), Wells, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

This suit involves a dispute concerning property that was once owned by the parties as tenants in common. In *Eaton v. Hackett*, Me., 352 A.2d 748 (1976), we af-

---

firmed a judgment of the Superior Court, dated August 12, 1974, ordering the physical partition of the property between the parties to the present action. Appellant Louise Hackett brought the present suit to establish an easement of access and a water line easement over the land of appellee Eaton. Appellant alleged in her complaint the existence of the prior judgment, and appellee pleaded res judicata as an affirmative defense. There being no dispute as to the existence of the prior judgment, the Superior Court held a hearing on appellee's affirmative defense and dismissed the case. We conclude that the court erred in dismissing the complaint and therefore sustain the appeal.

 The prior judgment bars subsequent litigation of matters at issue in the prior proceedings. *Warren v. Waterville Urban Renewal Authority*, Me., 290 A.2d 362 (1972); *Cianchette v. Verrier*, 155 Me. 74, 151 A.2d 502 (1959); *Restatement of Judgments* §§ 1, 2 (1942). All the rights of the parties with respect to the property, including access rights, were at issue in the partition action. Nevertheless, it cannot be determined from the pleadings in this case that the judgment necessarily bars the present action.

 The doctrine of res judicata might not preclude an action based on rights arising from the terms of the judgment itself, nor would it preclude an action to obtain relief from a valid judgment on recognized equitable grounds, subject to general equitable considerations. See 4th sentence, Rule 60(b), M.R.Civ.P.; *Restatement of Judgments*, ch. 5 (1942). Appellant's complaint alleges that the judgment should be construed to give appellant the water line easement she seeks to establish. The full text of the prior judgment of partition is not in the record. Without examination of that judgment, a determination whether the judgment was or was not open to such a construction cannot be made in this case.

 Appellant's complaint could also be construed to allege grounds for obtaining relief from part of the judgment on recog-

nized equitable grounds. Not all the facts necessary for determining the meaning of the judgment and for deciding whether plaintiff should have some relief from it are available by inference from the pleadings. Dismissal of the complaint on the ground of res judicata was premature.

The entry is:

Appeal sustained.

Judgment vacated.

Remanded for further action consistent with this opinion.

McKUSICK, C. J., did not sit.