Marcus A. ARNHEITER

v.

Adolph B. CARREIRO.

Supreme Judicial Court of Maine.

Argued March 14, 1988.
Decided April 7, 1988.

Marcus A. Arnheiter (orally), pro se.

Martin Schindler, Joel A. Vincent (orally), Scarborough, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The defendant, Adolph Carreiro, appeals from a denial of his motion, entitled "Motion For A New Trial Or In The Alternative For An Order To Amend The Judgment Of Court," rendered in the Superior Court, Oxford County, after a hearing on June 26, 1987.

Arnheiter and Carreiro were neighbors in North Lovell during the period in question. In July, 1985, they became embroiled in a dispute over an easement Arnheiter claimed over Carreiro's property. On October 16, 1985, Arnheiter filed an initial complaint against Carreiro, alleging assault and battery. Arnheiter claimed that Carreiro assaulted him with a club and injured the big toe on Arnheiter's right foot. Carreiro's answer, filed on November 18, 1985, included a counterclaim for assault and battery, trespass, defamation, action to quiet title and related injunctive relief. After subsequent amendments to the pleadings, the non-property claims were severed and were scheduled to be tried on June 1, 1987, with the remaining claims of the parties to be tried in October of that year.

On June 1, 1987, the trial justice convened a conference in chambers with Arnheiter, representing himself *pro se,* and Carreiro's attorney present. Although jury selection was about to begin for the planned trial, the parties indicated a willingness to settle the entire case, including the property claims then pending. After some negotiations, an agreement was reached and read into the record as a court order by the trial justice. On June 9, 1987, Carreiro filed the motion that was subsequently heard before the trial justice on June 26. Carreiro sought to have the court's order modified or vacated because he objected to the inclusion of the following paragraph in the settlement agreement:

12. It is a further order of the settlement of this case that in the event that any prior grantor or other party against whom Dr. Adolph Carreiro commences litigation as a result of this civil action at hand and any persons so sued bring a third party complaint against Mr. Marcus Arnheiter, he shall be entitled to contribution or indemnification by Dr. Carreiro for any expenses that he may be put to as a result of being made a third party defendant to any such action.

Carreiro's counsel supported the motion at the hearing by arguing that he (Carreiro's counsel) was unaware that Carreiro was under a great deal of mental stress at the time the settlement was agreed to and that Carreiro was vehemently opposed to the inclusion of the above-quoted paragraph in the agreement. In denying the motion, the trial justice reasoned that the settlement agreement "constitutes a binding contract. It also constitutes an order of this court." This appeal followed.

At oral argument before this court, Carreiro's counsel characterized the motion before the trial justice in June of 1987 as a motion to alter or amend a judgment under M.R.Civ.P. 59(e). We will therefore treat it as such. Accordingly, because a motion under Rule 59(e) is addressed to the discretion of the trial justice, the denial of the motion to modify the order will stand, absent an abuse of that discretion. *Clifford v. Klein,* 463 A.2d 709, 714 (Me.1983).

After a lengthy settlement conference in chambers, with jurors ready and waiting for the commencement of the anticipated trial, the defendant, through his counsel,

stipulated to the entry of judgment. In these circumstances, we conclude that the trial justice acted well within the limits of his discretion in later declining to disturb the judgment.

Other issues raised by Carreiro are unpreserved and we will not consider them for the first time on appeal. *Poire v. Manchester*, 506 A.2d 1160, 1164 (Me.1986).

The entry is:

Judgment affirmed.

All concurring.