## TOWN OF LINCOLNVILLE

v.

## William C. HEMENWAY, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs June 6, 1988.

Decided July 13, 1988.

Terry W. Calderwood, Calderwood, Ingraham & Gibbons, Camden, for plaintiffs.

Francis C. Marsano, Eaton, Glass, Marsano & Woodward, Belfast, for Crowley.

William C. Hemenway, Lincolnville, pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

---

PER CURIAM.

Defendant William Hemenway, Jr., appeals from certain orders rendered by the Superior Court (Waldo County) in connection with a zoning dispute. On appeal, defendant focuses on an order setting forth remedies for the zoning violation and an order denying his motion to amend the order on remedies. We find no error and affirm the judgment.

The facts relevant to this appeal may be summarized as follows: Plaintiff Town of Lincolnville brought this action against defendant claiming that defendant's residential use of certain property violated the Town's Minimum Shorelands Zoning Ordinance. In preliminary rulings, the Superior Court granted the motion of Paul Crowley, an adjacent landowner, to intervene in the action and consolidated this action and a related suit brought by Mr. Crowley for review of governmental action. The Superior Court also granted the Town's motion for partial summary judgment, finding that defendant was in violation of the Minimum Shorelands Zoning Ordinance, and left the remaining issue of remedies for a later hearing.

During the second day of the hearing on the issue of remedies, counsel for the parties spent considerable time in conference with the Superior Court justice and reached an agreement to settle the matter. The Superior Court read the terms of the agreement into the record and adopted the agreement as its order. After further discussion, certain amendments were agreed upon and read into the record. Thereafter, each party and each attorney acknowledged that the agreement was consistent with each person's understanding. One month later, without offering any reason, defendant requested that one paragraph of the order be amended. Now on appeal defendant requests for the first time that the entire case be reopened and retried, arguing that the agreement was entered into as a result of extreme duress.

 The Superior Court's order denying the motion to alter or amend the judgment under M.R.Civ.P. 59(e) will stand, absent an abuse of discretion. *Arnheiter v. Carrei-*

*ro,* 539 A.2d 629, 630 (Me.1988). Because defendant agreed to the terms of the order after considerable negotiations and failed to claim duress or any other basis for amending the judgment at the time of his motion, we find that the Superior Court did not abuse its discretion in denying the motion. Defendant's claim of duress, raised for the first time on appeal, offers no basis for reopening the case.

 Finally, M.R.Civ.P. 76(f) provides that if an appeal is frivolous, reasonable attorneys' fees and treble costs may be awarded. The rule applies to pro se litigants as well as those represented by counsel. *See Gurschick v. Clark,* 511 A.2d 36 (Me.1986). Because we find defendant's contentions totally lacking in merit, we conclude that this appeal is frivolous. We therefore award to plaintiff Town and intervenor Crowley attorney fees of $200 each plus treble costs.

The entry is:

Judgment affirmed.

Defendant Hemenway to pay to plaintiff Town of Lincolnville and intervenor Paul Crowley attorney fees of $200 each plus treble costs.

All concurring.