James LAMOREAU

v.

Andrea MALONEY.

Supreme Judicial Court of Maine.

Argued March 7, 1990.

Decided April 17, 1990.

Richard P. Romeo (orally), Susan G. Schwartz, Smith & Elliott, P.A., Saco, for plaintiff.

Robert M. Knight (orally), Bean, Jones & Warren, Scarborough, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, CLIFFORD,
HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Andrea Maloney appeals from a judgment of the Superior Court (York County, *Cole, J.*) denying Maloney's motion for relief from judgment pursuant to M.R.Civ.P. 60(b). We vacate the denial and remand with direction to entertain the motion on its merits.

Maloney and James Lamoreau entered into a joint venture to breed and purchase horses, and the parties agreed Maloney would obtain financing for the venture. This venture failed, but not before Lamoreau amassed debts attributable to the business, for which he filed suit. Negotia- tions between the parties resulted in an offer of judgment pursuant to M.R.Civ.P. 68. Lamoreau accepted this offer and submitted a consent order to be signed by the court. Lamoreau's counsel, in a letter to the clerk of courts, acknowledged that the order differed from the offer of judgment and pointed out that Maloney's counsel was out of his office and had not seen the order. Judgment was entered, nevertheless, without opportunity for Maloney's counsel to see the order.

Within 16 days Maloney filed a 60(b) motion because the judgment dismissed her counterclaims with prejudice, and consequently, Lamoreau retained horses to which Maloney asserted ownership. The court denied the 60(b) motion stating:

"The defendant has filed the 60(b) motion as the time for direct appeal from the consent order of March 29, 1989 has run. Rule 60(b) is not intended as an alternative method of appellate review nor as a procedural means by which legal errors readily correctable on appeal or by timely filing of an appropriate motion to the trial court can be relitigated."

We conclude that the court erred, not only by stating that the appeal period had expired, but also by misapprehending the nature of the relief requested. Direct appeal of a judgment reciting that it has been entered by agreement of the parties would be unavailing. Maloney should have an opportunity to demonstrate that the judgment differed materially from the offer of judgment or, in the alternative, that the parties were mistaken as to the nature of the offer. *See Warren v. Waterville Urban Renewal Auth.*, 290 A.2d 362, 365 (Me.1972). On remand, the court must consider the 60(b) motion on the merits.

The entry is:

Order denying 60(b) relief vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.