## COASTAL SAVINGS BANK

### v.

### L. Joseph BROOKS, et al.

Supreme Judicial Court of Maine.

Argued April 24, 1990.

Decided Aug. 30, 1990.

Lynn Spann Bowditch (orally) for defendants Brooks, Loyd, Bumgardner & Field, Brunswick, for plaintiff.

Jonathan C. Hull (orally), Joel F. Bowie (orally), Howard & Bowie, Damariscotta, for defendants Hassan.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY * and COLLINS, JJ.

ROBERTS, Justice.

L. Joseph Brooks and Kathryn Brooks appeal from an order of the Superior Court (Lincoln County, *Bradford, J.*) granting Robert and Ramona Hassan relief pursuant to M.R.Civ.P. 60(b) from a summary judgment in favor of Coastal Savings Bank in its foreclosure action against the Hassans and the Brookses. Contrary to the Brookses' contention, we conclude that the court acted within the sound exercise of discretion afforded by rule 60(b) and we affirm.

*Facts and Procedure*

The Hassans purchased property in Damariscotta in 1973 by obtaining a mortgage loan now held by Coastal as mortgagee. In 1980 the Hassans sold the property to the Brookses, subject to the Brookses assuming the Coastal mortgage and furnishing second mortgage security to the Has-

sans. In 1988 Coastal filed a complaint for foreclosure pursuant to 14 M.R.S.A. § 6322 (1980) alleging that the Hassans and the Brookses were in default on the loan. The Hassans alleged in their answer that the Hassans were parties in interest, holding a second mortgage from the Brookses recorded in the Lincoln County Registry of Deeds.

In August 1988 Coastal filed a motion for summary judgment against defendants to which the Hassans filed no response. Neither the motion nor the proposed order of foreclosure purported to deal with the Hassans' status as subordinate lienholders. The motion was heard without participation by the Hassans and summary judgment granted in December 1988. The order in its final form limited the distribution of any surplus to the Brookses. The Hassans filed a separate complaint for foreclosure against the Brookses in February 1989 seeking foreclosure of two mortgages. The Brookses responded with a motion to dismiss, alleging that the order of December 1988 should bar the Hassans from their new action, on the ground of *res judicata.*[1]

In May 1989 the Hassans filed a rule 60(b) motion for relief in the original action, stating that Coastal's complaint neither named the Hassans as parties in interest, nor alleged that they had a second mortgage. The court granted this motion stating:

"The motion for relief from judgment is granted based upon oversight, inadvertence and excusable neglect. Therefore, the judgment entered December 7, 1988 is amended to the extent that it affects only the foreclosure of the first mortgage to Coastal Bank. The validity of Hassans' mortgage from the Brooks [sic] is left for judicial determination."

Moreover, the court stated that its order did not interrupt the running of the period of redemption on Coastal's mortgage. The Brookses appealed that revision of Coastal's foreclosure judgment.

### Discussion

We think it appropriate to state that certain issues are not raised by this appeal. Contrary to the Brookses' contention we do not need to address any questions as to the validity of the Hassans' separate foreclosure action or the validity of the Brookses' asserted *res judicata* defenses. In addition we note that the filing of the 60(b) motion did not affect the finality of Coastal's judgment of foreclosure or any action it may have taken thereunder. The apparent purpose of the court's order is to leave for adjudication in the companion cases any issues concerning the validity of and amount due on the second mortgage. In the absence of appeal by Coastal, we have no need further to interpret the court's order.

■ Regardless of the ultimate merit of the Brookses' *res judicata* defenses, they were pleaded as the basis for dismissal of the Hassans' actions. Thereafter, the Hassans invoked the broad equitable power of the court pursuant to rule 60(b)(6) to clarify that its summary judgment of foreclosure dealt only with Coastal's first mortgage and not with the priority of parties defendant. Although we agree with the Brookses that the record discloses no basis for relief based on excusable neglect, such a showing is not essential to a grant of relief under rule 60(b)(6).

 Moreover, we reject the Brookses claim that the motion was untimely. Rule 60(b) requires only that the motion be made within a reasonable time. The court did not exceed the limit of permissible discretion in concluding that the Hassans had complied with the rule.

The entry is:

Judgement affirmed.

All concurring.