FLEET BANK OF MAINE

v.

Guy E. HUNNEWELL, Jr.

No. SOM-92-424.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 5, 1993.

Decided Nov. 19, 1993.

Michael S. Haenn, Bangor, for plaintiff.

Guy Hunnewell, Jr., pro se.

Nicholas M. Lanzilotta, Colby & Lanzilotta, Augusta, for defendant Key Bank of Maine.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

PER CURIAM.

The defendant, Guy E. Hunnewell, Jr., appearing *pro se*, appeals from a judgment entered in the Superior Court (Somerset County, *Smith, J.*) denying his requests for relief pursuant to M.R.Civ.P. 60(b) from a foreclosure judgment obtained by the defendant, Fleet Bank of Maine, and the court's order directing disbursement of the surplus foreclosure proceeds. We affirm the judgment.

As holder of the first mortgage on Hunnewell's real property in Embden, Fleet obtained a foreclosure judgment from the court, following a jury-waived trial. When Hunnewell failed to redeem the property within the 90-day period provided by 14 M.R.S.A. § 6322 (Supp.1992), it was sold at public sale. *Id.* § 6323. Pursuant to section 6324, Fleet moved for an order directing disbursement of the surplus proceeds to Key Bank of Maine, the holder of a subordinate mortgage on the property. After a hearing, the court granted Fleet's motion and directed the disbursement of $42,367.55 to Key Bank, as requested by Fleet. Hunnewell appealed, challenging the court's order directing the disbursement of the sale proceeds. Pursuant to M.R.Civ.P. 73(g)(2), we dismissed the appeal, with prejudice, for want of prosecution.

Thereafter, without stating on which of the six grounds for relief set forth in M.R.Civ.P. 60(b) he relied, Hunnewell filed two separate motions seeking relief from the judgment of foreclosure and the order of disbursement of the foreclosure proceeds. After a hearing,

the court denied both motions, and Hunnewell appeals.

◼◼ Hunnewell contends the trial court abused its discretion by denying his post-judgment motions. We disagree. The trial court's decision to grant or deny a motion seeking relief from a final judgment pursuant to Rule 60(b) is subject to the exercise of sound discretion by the trial court on competent evidence supporting one or more reasons for which relief is provided by the rule. We review the trial court's decision only for the abuse of its discretion. *Wood v. Wood*, 602 A.2d 672, 674 (Me.1992). A motion for relief pursuant to Rule 60(b) is not a substitute for a direct appeal. *Reville v. Reville*, 370 A.2d 249, 252 (Me.1977).

In the instant case, Hunnewell failed to pursue a direct appeal from the trial court's decisions in the foreclosure proceeding. The record supports the trial court's finding that Hunnewell was seeking to retry the case and had failed to produce any evidence that would support relief on any of the grounds listed in Rule 60(b). Based on these findings, the trial court properly exercised its discretion by denying Hunnewell's motions.

◼ In the circumstances of this case, we act on our own initiative to impose an appropriate sanction for Hunnewell's prosecution of a frivolous appeal. We find that his appeal is taken without any reasonable likelihood of prevailing and results in a delayed implementation of the judgment of the Superior Court, an increased cost of litigation, and a dissipation of the time and resources of this court. *New Maine National Bank v. Nemon*, 588 A.2d 1191, 1194 (Me.1991). The fact that Hunnewell pursued his appeal as a *pro se* litigant does not immunize him from such sanctions. *Town of Lincolnville v. Hemenway*, 543 A.2d 1375, 1376 (Me.1988). We base our imposition of sanctions upon M.R.Civ.P. 76(f) which authorizes the awarding of treble costs and attorney fees against a party for prosecuting a frivolous appeal.

The entry is:

Judgment affirmed.

Defendant Hunnewell shall pay to plaintiff Fleet Bank of Maine $300 toward its attorney fees plus treble costs.

All concurring.