## MARY L. STAAB, INC.

### v.

## Nancy GAGNE, d/b/a Nancy & Associates.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 7, 1994.

Decided May 31, 1994.

John J. Lynch, Damariscotta, for plaintiff.

Eric M. Mehnert, Hawkes & Mehnert, Augusta, for defendant.

Before WATHEN, C.J., ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ., and COLLINS, A.R.J.[*]

ROBERTS, Justice.

Nancy Gagne, d/b/a Nancy & Associates, appeals from a judgment entered in the Superior Court (Lincoln County, *Bradford, J.*) denying her motion for relief from the judgment pursuant to M.R.Civ.P. 60(b). Gagne argues that the motion should have been granted on four grounds: fraud, illegality, duress, and misconduct on the part of both Shirley St. Pierre, owner and president of

---

[*] Justice Collins sat at oral argument and participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

Mary L. Staab, Inc., and Staab's attorneys. We affirm the judgment.

Staab operates as a statutory agent for registering and re-registering vehicles in Maine. Gagne is a former Staab employee who began working as a statutory agent in Maine, d/b/a Nancy & Associates, after leaving Staab in 1991. In 1992, Staab filed a complaint alleging that Gagne had intentionally interfered with Staab's contractual relations by misrepresenting herself to Staab customers as their statutory agent.

In 1993, the parties entered into a settlement agreement whereby Gagne agreed to cease operating as a statutory agent and to give Staab all of her customer files and computer equipment. Gagne's attorney did not review the settlement documents, and was not present when she signed the agreement. Gagne signed a statement, however, acknowledging that she had been advised to consult her attorney, but had declined to do so and was signing the agreement freely and "without coercion." Before she signed, an independent attorney questioned her as to whether she had read and understood the agreement, to which she responded affirmatively.

Shortly after the court entered a judgment confirming the settlement agreement, Gagne filed a motion for relief from judgment pursuant to M.R.Civ.P. 60(b). Citing an embezzlement scheme in which she and St. Pierre allegedly defrauded Staab's previous owner, Gagne claimed that she was fraudulently induced to sign the settlement agreement because of false statements made by St. Pierre regarding Gagne's criminal liability. She further asserted that both St. Pierre and Staab's attorneys threatened her with criminal prosecution, rendering the agreement void for duress, and procured the agreement to obtain her silence about the alleged embezzlement, rendering it void for illegality. She also sought relief on the ground of misconduct, claiming that Staab's attorneys contacted her in violation of the Maine Bar Rules after Gagne's attorney had instructed them not to do so. After a hearing at which the court heard testimony from both Gagne and the independent attorney who questioned her about signing the settlement agreement, the court denied Gagne's motion,

expressly basing its decision on the credibility of the two witnesses. Gagne's timely notice of appeal followed.

Dispositive of Gagne's appeal is the absence of evidence in the record that would compel the trial court to grant relief pursuant to M.R.Civ.P. 60(b). *See New Maine Nat'l Bank v. Nemon*, 588 A.2d 1191, 1193 (Me.1991) (the moving party on Rule 60(b) motion bears the burden of producing competent evidence to support it); *Butler v. Hardy*, 576 A.2d 202, 204 (Me.1990) (reviewing court will reverse factual findings adverse to the party with the burden of proof only if the record compels a contrary conclusion). Moreover, the trial court expressly based its decision on credibility, finding that the independent attorney was credible, whereas Gagne was not. *See Tonge v. Waterville Realty Corp.*, 448 A.2d 902, 905 (Me.1982) (reviewing court must give due regard to the trial court's determination of credibility). We will, however, briefly discuss the four issues raised before the trial court and here on appeal.

■ Gagne first contends that St. Pierre falsely stated that she, Gagne, would be ninety percent criminally liable for any prior embezzlement from Staab. Aside from the fact that Gagne's assertion is without any evidentiary corroboration, we conclude that Gagne could not reasonably rely on such a statement. *See Estate of Paine*, 609 A.2d 1150, 1153 (Me.1992) (relief from judgment on the ground of fraud requires justifiable reliance). Our conclusion is reinforced by the fact that Gagne could have consulted her own attorney, but chose not to do so. *Cf. Wildes v. Pens Unlimited Co.*, 389 A.2d 837, 840 (Me.1978) (statements were "justifiably understood as being of fact," rather than of opinion, where prospective employee was "clearly at the mercy" of the employer as to representations regarding employment opportunities).

■ Finally, Gagne relies on her claim that Staab's attorneys violated M.Bar R. 3.6(f) by continuing to contact Gagne despite her attorney's instructions to the contrary. Gagne's argument misses the mark. Even a finding by the trial court that Staab's attorneys violated M.Bar R. 3.6(f) would not com-

pel a grant of relief pursuant to M.R.Civ.P. 60(b). We are concerned, as was the trial court, that Staab's attorneys disregarded the express direction from Gagne's attorney without any evidence that she had discharged him. Although such conduct would justify the relief sought by Gagne, the trial court could deny relief on the basis of the evident misconduct by both parties to the controversy. In short, we find no ground to disturb the trial court's denial of Gagne's 60(b) motion for relief from judgment.

The entry is:

Judgment affirmed.

All concurring.